FILED
BILLINGS DIV.

2007 OCT 24 PM 2 31

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. BLOME,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHNSON, RODENBURG & LAUINGER,<br>and CHARLES DENDY,<br><br>　　　　Defendants. | CV-07-45-BLG-RFC-CSO<br><br>**FINDINGS & RECOMMENDATIONS ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |

On March 29, 2007, the Plaintiff Edward Blome ("Blome") filed a verified complaint against the law firm of Johnson, Rodenburg & Lauinger, and attorney Charles Dendy of the same firm ("Defendants"). The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and fraud. Defendants answered on April 18, 2007, denying the material allegations of the Complaint.

On May 3, 2007, Blome filed a motion for summary judgment, together with a brief, affidavit, and Statement of Uncontroverted Facts (*Court Doc. Nos. 9, 10, 11, and 12*). On May 21, 2007, Defendants filed a brief in opposition of Blome's Motion for Summary Judgment, together with a Statement of Genuine Issues and affidavit of

1

Charles Dendy, (*Court Doc. Nos. 14,15, and 16)* and on September 24, 2007, filed their own Motion for Summary Judgment with a brief and another affidavit by Charles Dendy (*Court Doc. Nos. 28, 30, and 32)*. That motion has also been fully briefed.

The Court, having reviewed the cross motions for summary judgment and documents filed in support thereof, hereby enters the following Findings and Recommendations.

## I. FACTUAL BACKGROUND

According to the attachments to the Affidavits of Charles Dendy (*Court Doc. Nos. 11, 16)*, on January 6, 2006, Blome purchased a 2006 Ford truck from Laurel Ford on a retail installment contract that was assigned to Ford Motor Credit. Blome defaulted on the contract, the truck was sold, and a deficiency balance of $8,272.98 remained owing by Blome. Id. at Exh. 5. Ford Motor Credit hired Defendants to collect the deficiency balance. Defendants sent a "Dunning" letter to Blome on November 27, 2006, seeking to collect the debt owed to Ford Motor Credit. On December 16, 2006, Blome sent a letter in response seeking verification of the debt. On December 20, 2006, Defendants replied to Blome by enclosing the verification information regarding Blome's alleged debt. On January 8, 2007, Blome replied to Defendants seeking validation (1) that he was in fact the Debtor; (2) that Ford Motor Credit's debt had been assigned to Defendants and; (3) as to the "intimate knowledge of the creation of the debt." *COMPLAINT (Court's Doc. No. 1), Exhibit D.*

The record reflects no further communications between the parties until February

12, 2007, when Defendants filed suit against Blome on behalf of Ford Motor Credit in Montana Thirteenth Judicial District Court, Yellowstone County, alleging a deficiency owed on the retail installment contract in the amount of $8,272.98 plus interest and attorneys' fees.

Blome's Complaint here, which contains two counts, was filed on March 29, 2007. Neither count is entirely clear. Count I alleges that Defendants made false and misleading statements to Blome by stating in their November 2006 letter that they represented Ford Motor Credit when the debt had been assigned to or purchased by Defendants. It also alleges refusal to produce proper validation of the debt. Count II alleges that Defendants violated the FDCPA because Defendants "are debt collectors and not counsel for Ford Motor Credit." It alleges that, by filing a complaint in state court, Defendants violated the FDCPA and committed common-law fraud by using unfair and unconscionable means to collect an alleged debt.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

(*quoting* Fed.R.Civ.P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587.

III. ANALYSIS

    A.    Common-law Fraud Allegations

It appears that Blome is alleging that Defendants committed fraud when they failed to provide Blome proof that they were representing Ford Motor Credit. See *Plaintiff's Memorandum in Support of Motion for Summary Judgment (Court Doc. No. 10) at 2.* To establish a *prima facie* case of actual fraud, the party asserting the claim must establish the following nine elements: (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the

4

representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of the representation; (8) the hearer's right to rely upon the representation; and (9) the hearer's consequent and proximate injury or damages caused by their reliance on the representation. State ex rel. Ins. Fund v. Berg, 279 Mont. 161, 175 (1996) (*citing* Davis v. Church of Jesus Christ, 258 Mont. 286, 293 (1993)).

Here, after reviewing the facts presented, this Court concludes that Blome has not presented sufficient evidence to create a material issue of fact regarding his fraud allegations. Specifically, other than conclusory statements, Blome has provided no evidence tending to establish that Defendants are not in the employ of Ford Motor Credit, as they claim to be. Defendants, by Affidavit of Attorney Charles Dendy, have presented evidence that they were retained by Ford Motor Credit to recover a debt owed by Blome and that the debt has not been and will not be assigned to Defendants by Ford Motor Credit.[1] The suit filed in state court reflects that Ford Motor Credit is the plaintiff and Defendants are counsel of record, not parties. Consequently, Blome has raised no issue of material fact regarding the second element of his fraud claim. Moreover, with respect to "reliance" which is the seventh element of a fraud claim,

---

[1] *Affidavit of Charles Dendy, (Courts Doc. No. 16) at ¶¶ 1, 2, 17, and 18.* To the extent Plaintiff's brief in opposition to Defendant's Notice of Motion for Summary Judgment argues that this Court cannot rely on the Dendy Affidavit, the Court refers Blome to Fed.R.Civ.P. 56(e), which specifically allows for the use of affidavits in considering summary judgment motions.

Blome has failed to show how he relied on the alleged misrepresentation. In fact, upon receiving the Defendants' Dunning letter, he promptly responded with a letter requesting a letter of sale or assignment from the original creditor to Defendants. See *Complaint, Exhibit B.*

Blome's unsupported allegations are insufficient to raise a material issue of fact regarding fraud. For the foregoing reasons, Defendants' Motion for Summary Judgment on Count II's fraud count should be GRANTED.

### B. FDCPA Allegations

A debt collector violates FDCPA if it sends the debtor a collection letter that "overshadows or contradicts" or, in some cases, creates confusion as to the consumer's right to dispute the debt. DeSantis v. Computer Credit Inc., 269 F.3d 159, 161 (2d Cir. 2001) ("[e]ven if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty"); Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643, 660-61 (S.D.N.Y. 2006).

In Count II, Blome alleges that Defendants did not properly validate the alleged debt and that they were deliberately deceptive, malicious and their actions oppressive or abusive. More specifically, he alleges that Defendants violated the FDCPA when Defendants stated that unless Blome notified them in writing within thirty days that Blome disputed the debt, Defendants would assume the debt to be valid.[2] Further,

---

[2]This procedure is specifically allowed by 15 U.S. C. §1692g(a)(3), which requires: "[W]ithin five days after the initial communication with a consumer in

Blome alleges that Defendants overshadowed and nullified his right to dispute the debt when they filed suit in Montana Thirteenth Judicial Court.

As to the issue regarding Defendants' alleged requirement that any dispute of the debt must be in writing, the record reflects that Defendants sent its "Dunning" letter to Blome on November 27, 2006. On December 16, 2006, Blome sent a letter back to Defendants seeking verification of the debt. On December 20, 2006, Defendants replied to Blome by enclosing the verification information regarding Blome's alleged debt. That verification information included a Ford Credit Vehicle Retail Installment Contract, a loan application through Ford Credit, a Notice of Plan to Sell Property and a Statement of Sale. All the afore-mentioned documents included Blome's current address as stated in his Complaint.

The verification documents in this case met the requirements of the FDCPA in that they included information from the creditor about the nature and balance of the outstanding bill and provided the debtor with documentary evidence in the form of an itemized statement. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed") (*citing* Azar v. Hayter, 874 F.Supp. 1314, 1317 (N.D. Fla.), *aff'd, 66*

---

connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ... (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector...."

7

*F.3d 342 (11th Cri. 1995).* To the extent Blome argues that Defendants violated the FDCPA when they sent Blome copies of the verification documents, this Court concludes Blome's claim to be without merit. First, the FDCPA only requires that the debt collector provide the consumer with "a copy" of the verification. 15 U.S.C. § 1692g(a)(4). Second, at the time verification documents were sent, no suit had been filed. As such, Blome's reliance on the Federal Rules of Evidence is misplaced. F.R.E. 101 ("the Federal Rules of Evidence govern proceedings that occur **in** the courts of the United States") (emphasis added).

> In pertinent part, the Dunning letter states:
>
> Re:   FORD MOTOR CREDIT
> File No.: 42298
> Amount Claimed: $8,680.26
>
> The party named above has employed our law firm to obtain payment of a claim against you in the amount of $8,680.26 for your Ford Motor Credit debt.
>
> \* \* \*
>
> If you dispute the validity of all or any portion of this debt, you must notify this office within 30 days of receipt of this notice, or we will assume the debt is valid. If you notify us in writing within 30 days of receipt of this notice, we will obtain verification from creditor and mail you a copy. If you do not identify the current creditor, write us to that effect and we will provide name and address of the original creditor, if different from that listed.
>
> \* \* \*
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.

See *Complaint at Exhibit A.*

The first sentence of the second paragraph of this letter informed Blome that he had thirty days to dispute the debt. The next sentence informed him that if he notified

the debt collector in writing within thirty days of receipt of the debt notice, the debt collector would obtain verification from creditor and mail it to him.

Whether such notice is sufficient under the statute is to be interpreted from the objective perspective of the "least sophisticated debtor." *See, e.g.*, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)("least sophisticated debtor" test "protects all consumers, the gullible as well as the shrewd" and "protects debt collectors from unreasonable misinterpretations of collection notices"). In the Ninth Circuit, consumers are not required to dispute their debts in writing. Rather, they may verbally dispute their debts by telephone or in person. Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1081-82 (9th Cir. 2005).

Blome contends that Defendants violated the FDCPA by requiring the dispute to be in writing. It could be argued, as Blome contends, that there is ambiguity in the letter in that the first sentence referenced above does not make clear that the dispute could be presented either orally or in writing. The written requirement in the second sentence, which requirement is specifically authorized in 15 U.S.C. § 1692g(a)(4), could be read by an unsophisticated debtor as applying to the first sentence as well. Here, however, the Court finds that such issue is not material. After a careful reading of Blome's letters, the Court finds that he did not therein dispute the debt. Rather, those letters from Blome only reflected his request for verification of the debt; documentation that the Defendants were authorized to collect the debt; and proof that Blome was in fact the debtor. Further, neither Party has presented any evidence suggesting that

9

Blome orally contacted Defendants and informed them of his intent to dispute the debt. Without some evidence that Blome disputed the debt, Blome cannot prevail on a claim that Defendants violated the FDCPA by requiring the dispute to be in writing.

Next Blome contends that Defendant's nullified his rights to dispute the alleged debt when they filed suit against him in state court on behalf of Ford Motor Credit. Pursuant to the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt or a copy of a judgment, or name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

In reading the Defendants' Dunning letter, it clearly informed Blome that he had thirty days from receipt of the letter to dispute the debt or Defendants would deem the debt valid.  Blome did request verification of the debt.  Pursuant to the FDCPA, once a consumer requests verification of the debt within the thirty-day validation period, the debt collector must cease collection of the debt.  The record here reflects no evidence that Defendants attempted to collect on the debt from the time Blome requested verification until the verification documents were sent to Blome on December 20, 2006. Again, there is no evidence that Blome disputed the debt after he received the

verification information.[3] Defendants filed suit in state court February 12, 2007. Thus, Blome was given time in excess of the statutory thirty days to dispute the debt. Having reviewed the record, it is evident that rather than having his right to dispute nullified as Blome alleges, Blome waived his right to dispute the debt by not doing so within thirty days after receiving verification of the debt. There is no evidence to raise a material issue of fact as to whether the Defendants violated the FDCPA by filing suit in state court in Yellowstone County on behalf of Ford Motor Credit. 15 U.S.C. §1692i(a).

Because Blome has failed to raise any material issues of fact as to Defendants alleged FDCPA violations, the Court concludes that summary judgment is appropriate on these allegations as well as the fraud allegations.

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment (*Court Doc. No. 9*) be DENIED, and Defendants' Motion for Summary Judgment (*Court Doc. No.* 28) be GRANTED.

The Clerk of Court shall serve a copy of these Findings and Recommendation of the U.S. Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

---

[3]According to the second affidavit of Charles Dendy, Judgment by Default was entered against Blome in the state court action, adjudging that Blome owes Ford Motor Credit $9,346.84, plus costs and fees. *Aff. of Dendy (Court's Doc. No. 32) at 3, ¶ 23, and Exh. 6.*

11

DATED this 24th day of October, 2007.

_____
Carolyn S. Ostby
United States Magistrate Judge